Filing # 141931327 E-Filed 01/13/2022 12:28:31 PM

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL DIVISION

GERALD BOGNASKI,

Plainitff,

-vs-   CASE NO.:

HOME DEPOT U.S.A., INC.,

Defendants.
_____/

## COMPLAINT

Plaintiff, GERALD BOGNASKI, by and through the undersigned counsel, hereby sues Defendant, HOME DEPOT U.S.A., INC. and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, GERALD BOGNASKI, is a natural person residing in Collier County, Florida.

3. At all times material to this action, Defendant, HOME DEPOT U.S.A., INC. is a Florida profit corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant, HOME DEPOT U.S.A., INC., was the owner and in possession of that certain business located at 2251 Pine Ridge Road, Naples, FL 34109, open to the general public, including the Plaintiff herein.

1

5. On or about May 9, 2020, Plaintiff, GERALD BOGNASKI, visited Defendant's premises located at the above address as a business invitee and/or guest.

6. At said time and place, Plaintiff, GERALD BOGNASKI, was a lawful guest upon the premises of the Defendant, HOME DEPOT U.S.A., INC. who owed Plaintiff a nondelegable duty to exercise reasonable care for his safety.

7. At said time and place, while Plaintiff, GERALD BOGNASKI, was visiting Defendant's business, he tripped and fell over a negligently placed pallet on the floor inside the store, sustaining significant personal injuries.

## COUNT I – CLAIMS AGAINST DEFENDANT, HOME DEPOT U.S.A., INC.

8. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through seven (7) as if fully set forth herein.

9. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

10. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the store's walkways, thus creating a hazard to members of the public utilizing said walkways, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the store's walkways, as specified above, to ascertain whether the walkways, which were poorly maintained, constituted a hazard to patrons walking inside the store,

        including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    d)    Negligently failing to inspect or adequately warn the Plaintiff of the danger of the negligently placed pallet, when Defendant knew or through the exercise of reasonable care should have known that said pallet was unreasonably dangerous and that Plaintiff was unaware of same;

    e)    Negligently failing to act reasonably under the circumstances;

11. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, GERALD BOGNASKI, sues the Defendant, HOME DEPOT U.S.A., INC. for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**RESPECTFULLY** submitted this 13th day of January, 2022.

                                          */s/ Kristin L. Stocks*
                                          Kristin L. Stocks, Esq.
                                          Morgan & Morgan, P.A.
                                          12800 University Dr, Suite 600
                                          Fort Myers, FL  33907
                                          Tele:  (239) 210-5352
                                          Fax:  (239) 204-4089
                                          Email: kstocks@forthepeople.com
                                          Florida Bar #:  46790
                                          Attorney for Plaintiff